UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

| | |
|---|---|
| ERICH SMITH, *et al.*, | |
| Plaintiffs, | No. 1:21-cv-19457 |
| v. | **OPINION** |
| PRESIDENT UNITED STATES OF AMERICA, *et al.*, | |
| Defendants. | |

---

**APPEARANCES**:

Dana Wefer, Esq.
LAW OFFICES OF DANA WEFER
375 Sylvan Avenue
Englewood Cliffs, NJ 07632

    *On behalf of Plaintiffs*.

Phillip R. Sellinger, United States Attorney
Angela E. Juneau, Assistant U.S. Attorney
OFFICE OF THE U.S. ATTORNEY
DISTRICT OF NEW JERSEY
970 Broad Street, Suite 700
Newark, NJ 07102

    *On behalf of Defendants*.

**O'HEARN, District Judge.**

    This matter comes before the Court on a Motion to Dismiss Plaintiffs Erich Smith, Frank E. Garwood, Jr., Maribel Lorenzo, and Dr. Daniel Donofrio's (collectively, "Plaintiffs") Complaint as Moot by Defendants President Joseph R. Biden, Jr., in his official capacity and any successor to the Office of the President, Merrick B. Garland, Former Commissioner of the Social

Security Administration Kilolo Kijakazi, and the United States Government (collectively, "Defendants"). (ECF No. 53). For the reasons that follow, Defendants' Motion is **GRANTED**.

## I. BACKGROUND

The Court has previously issued an Opinion in this case that lays out the factual and procedural background of this case in detail. (ECF No. 19). The Court incorporates the factual discussion included in that prior Opinion here and will only briefly address additional facts that are relevant to the present Motion.

President Biden revoked Executive Orders 14042 ("Contractor Mandate") and 14043 ("Employee Mandate") (collectively "The Mandates") on May 12, 2023. *See* Exec. Order No. 14099, 88 Fed. Reg. 30, 891, §§ 2, 3 (May 9, 2023) ("Revocation EO"). The Revocation EO directed that "[a]gency policies adopted to implement Executive Order 14042 or Executive Order 14043, to the extent such policies are premised on those orders, no longer may be enforced and shall be rescinded consistent with applicable law." *Id.* at § 2. The Revocation EO stated that there was "no longer [a] need [for] a Government-wide vaccination requirement for Federal employees or federally specified safety protocols for federal contractors" because the United States was "no longer in the acute phase of the COVID-19 pandemic." *Id.* at § 1. The Revocation EO cited the high COVID-19 vaccination rate among Americans and the significant decline in COVID-19 deaths and hospitalizations compared to rates that existed at the time the Mandates were issued in September 2021 as support for The Mandates' revocation. *Id.* Thus, Plaintiffs are not currently subject to the requirements of The Mandates or any implementing guidance issued by the Safer Federal Workforce Task Force ("The Task Force"). (Pl. Br., ECF No. 53-1 at 1). As such, Defendants argue that Plaintiffs' Complaint should be dismissed because their claims challenging the constitutionality of The Mandates is now moot.

Plaintiffs allege their claims remain viable because The Mandates violated their Fifth Amendment privacy rights since they required them "to disclose personal health information to their employers and the government." (*Id.* at ¶ 86). Plaintiffs further allege that The Mandates violated their Fifth Amendment privacy and liberty rights since they required them "to undergo a medical procedure [the Plaintiffs] did not want[.]" (*Id.* at ¶ 87). Lastly, Plaintiffs allege that The Mandates violated their Fifth Amendment equal protection rights since they mandated government differentiated treatment of vaccinated and unvaccinated federal employees and contractors. (*Id.* at ¶ 95–97).

## II.   PROCEDURAL HISTORY

The Court incorporates its earlier recitation of the procedural history of this lengthy case, *see* (ECF No. 19), except to add the following.

Following the Court's denial of Plaintiffs' request for a Temporary Restraining Order ("TRO"), (ECF No. 19), Plaintiffs appealed to the Third Circuit. (ECF Nos. 22–23). Thereafter, the Court granted Plaintiffs' Motion to Amend. (ECF No. 30). On December 21, 2021, Plaintiffs filed their Second Amended Complaint. (ECF No 31).

On May 19, 2023, shortly after the Revocation EO, Defendants filed a motion to dismiss as moot Plaintiffs' then pending appeal of this Court's TRO denial. (ECF No. 56). Plaintiffs opposed the motion. (ECF No. 57). On August 10, 2023, the Third Circuit dismissed Plaintiffs' appeal as moot without expressing an opinion "on whether the case itself is moot" and remanded "that question for the District Court to consider[.]" (ECF No. 42); *Smith v. President of the United States*, No. 21-3091, 2023 WL 5120321, at *1 (3d Cir. Aug. 10, 2023).

Pursuant to the Third Circuit's March 8, 2022 Order, the parties submitted a joint status report regarding further proceedings on October 17, 2023. (ECF No. 46). Defendants argued the

case is moot while Plaintiffs maintained there still is a live controversy. (*Id.*).

On November 22, 2023, Plaintiffs filed a Motion for Leave to File a Third Amended Complaint ("TAC") pursuant to Federal Rule of Civil Procedure 15(a)(2), which the Court granted on February 27, 2024, and Plaintiffs thereafter filed a Third Amended Complaint. (ECF Nos. 49, 51).

On March 15, 2024, Defendants filed the present Motion asking the Court to dismiss Plaintiffs' claims asserted in the Third Amended Complaint as moot pursuant to Federal Rule of Civil Procedure 12(b)(1). (ECF No. 53). On April 22, 2024, Plaintiffs filed a brief in opposition to Defendants' motion. (ECF No. 55). On May 1, 2024, Defendants filed a reply. (ECF No. 56).

### III.   LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) must be granted if the Court lacks subject matter jurisdiction. *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012). A plaintiff bears the burden of proving that the Court has subject matter jurisdiction. *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006).

Under Federal Rule of Civil Procedure 12(b)(1), an attack on subject matter jurisdiction may be either a facial or a factual attack. *CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008). A facial attack "concerns an alleged pleading deficiency whereas a factual attack concerns the actual failure of a plaintiff's claims to comport factually with the jurisdictional prerequisites." *Id.* (internal quotation marks and citation omitted) (alteration omitted).

In a facial attack, "the court looks only at the allegations in the pleadings and does so in the light most favorable to the plaintiff." *United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884,

891 (3d Cir. 1977)). In a factual attack, "it is permissible for a court to review evidence outside the pleadings." *Id.* (citing *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000)).

A party may bring a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). "Mootness is a proper basis for a 12(b)(1) motion to dismiss because the mootness doctrine implicates jurisdictional matters." *Mayer v. Wallingford-Swarthmore Sch. Dist.*, 405 F. Supp. 3d 637, 640 (E.D. Pa. 2019). A claim is moot "when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Id*. (internal quotation marks and citations omitted).

## IV.   DISCUSSION

Here, Defendants allege that there is no longer a live case and controversy due to the Revocation EO, and as such, request that the Court dismiss the case as moot. (Def. Br., ECF No. 53 at 6). Defendants cite similarly situated cases throughout the country, including in the Third Circuit, dismissing cases as moot challenging various now-rescinded state government COVID-19 health orders. (*Id.* at 7–8). Plaintiffs nevertheless argue that the Court can still provide meaningful relief for them. (Pl. Br., ECF No. 55 at 2–4). Plaintiffs also argue that exceptions to the mootness doctrine apply, including the Defendants' voluntary cessation of the challenged activity, and that The Mandates are capable of repetition yet evading review. (*Id.* at 5–10).

The Third Amended Complaint seeks declaratory and injunctive relief and specifically seeks to have the Court (1) to "[d]eclare The Mandates unconstitutional or otherwise *ultra vires*;" (2) to "[e]njoin Defendants from enforcing the Mandates;" and (3) "to [g]rant any and all other such relief as this Court deems just and equitable to restore Plaintiffs to the positions they would be in had the mandates not been enacted." (Third Am. Compl., ECF No. 52 at ¶¶ 98–100). However, when presented with these same arguments the Third Circuit and other courts nationwide have

uniformly held that such challenges to The Mandates and other similarly rescinded or expired Covid-era government mandates are now moot since there is no active case or live controversy. This Court sees no reason to depart from this precedent and grants Defendants' Motion to Dismiss.

Plaintiffs filed the Third Amended Complaint ten months after The Mandates were revoked yet they still seek a declaration that they are unconstitutional on Fifth Amendment due process and equal protection grounds and to enjoin their enforcement. The mootness doctrine "requires that an actual controversy exist at all stages of review, not merely at the time the complaint is filed." *Doe v. Delie*, 257 F.3d 309, 313 (3d Cir. 2001). It also requires that there is effectual relief that a court can grant, which the Court in this case cannot provide to Plaintiffs were they to prevail. *See Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 161 (2016) (quoting *Knox v. Serv. Emps.*, 567 U.S. 298, 307 (2012)). The Mandates no longer exist and declaring them unconstitutional and/or enjoining them now would not provide Plaintiffs with any cognizable relief. If the Court were to declare The Mandates unconstitutional at this stage, and/or to consider whether to enjoin their enforcement, would undoubtedly amount to an advisory opinion prohibited by Article III. U.S. CONST. art. III, § 2, cl. 1.

A. **The Voluntary Cessation Exception Does Not Apply**

The voluntary cessation doctrine does not apply since The Mandates were clearly revoked for reasons entirely unrelated to this litigation. President Biden announced in early May 2023 that he would be rescinding The Mandates effective May 12, 2023, aligning with the COVID-19 health emergency's planned expiration on May 11, 2023. (Def. Br., ECF No. 53 at 3).

Here, this litigation was initially filed on October 29, 2021. The Mandates were in effect for approximately twenty months, not only through most of the life of this litigation but the life of numerous cases throughout the country that challenged its constitutionality. (Rep. Br., ECF No.

6

56 at 6–7); *see, e.g., Donovan v. Vance*, 70 F.4th 1167 (9th Cir. 2023); *Hollis v. Biden*, No. 21-60910, 2023 WL 3593251 (5th Cir. May 18, 2023). The length of time The Mandates existed while there was a plethora of litigation challenging them in various courts throughout the country bolsters Defendants' position that The Mandates were revoked for reasons entirely unrelated to this and other litigation.

As such, the Court is skeptical of Plaintiffs' voluntary cessation argument. *See Clark v. Governor of New Jersey*, 53 F.4th 769, 778 (3d Cir. 2022) (citations omitted) ("[W]e are generally less skeptical of voluntary cessation claims where the change in behavior was unrelated to the relevant litigation[.]"). Defendants as the claimants of mootness have a "heavy burden" to demonstrate that it is not reasonable to expect a recurrence of these Mandates. *Id.* at 775–76. Yet, this burden is lessened when the complained action ceased for reasons unrelated to litigation, which is apparent here. *See, e.g., County of Butler,* 8 F.4th at 230 (citing *Trump v. Hawaii*, 583 U.S. 941 (2017)) ("[V]oluntary cessation doctrine does not apply here because the . . . orders expired by their own terms and not as a response to litigation."); *Johnson v. Governor of New Jersey*, No. 21-1795, 2022 WL 767035 at *2 (3d Cir. Mar. 14, 2022). Given the undeniable change in public health as the reason for The Mandates' revocation in May 2023 and the "[general presumption] that government officials act in good faith," *County of Butler*, 8 F.4th at 230-31 (citing *Marcavage v. Nat'l Park Serv.*, 666 F.3d 856, 861-62 (3d Cir. 2012)), it is reasonable to conclude that these Mandates will not be reinstated.[1]

Plaintiffs argue that because the Biden Administration has made public pronouncements

---

[1] Indeed, the Third Circuit dismissed as moot litigation challenging COVID-19 policies in Pennsylvania and New Jersey once the policies ended rejecting the voluntary cessation exception because the challenged policies ended for reasons unrelated to litigation. *See, e.g., County of Butler v. Governor of Pennsylvania*, 8 F.4th 226, 230 (3d Cir. 2021); *Clark*, 53 F.4th at 778-79.

about the necessity to plan for future pandemics that these Mandates have a possibility of being reinstated and thus the voluntary cessation nonetheless applies. (Pl. Br., ECF No. 55 at 7-8). Plaintiffs thus posit that "[The] Mandates could be reenacted with no warning if the President, in his judgment decided that new conditions warrant reenactment." (*Id.* at 8). But Plaintiffs' arguments amount to nothing more than speculation. The Third Circuit has rejected these arguments and held that while the government may have the power to reissue health orders related to COVID-19, what matters is that the challenged orders in this case are no longer in force. *See Solid Rock Baptist Church v. Murphy*, 555 F. Supp. 3d 53, 61 (D.N.J. 2021) (holding that more than speculation that a challenged action may be resumed in the future is required); *see also Johnson*, 2022 WL 767035 at *3 (citing *Lighthouse Fellowship Church v. Northam*, 20 F.4th 157, 163-64 (4th Cir. 2021)).[2]

### B. The Capable of Repetition Yet Evading Review Does Not Apply

Plaintiffs similarly fail to meet their burden to show that The Mandates are capable of repetition yet evading review. *See County of Butler*, 8 F.4th at 231 (citing *Belitskus v. Pizzingrilli*, 343 F.3d 632, 648 (3d Cir. 2003)) ("A plaintiff bears the burden to show that the 'capable of repetition yet evading review' exception applies."). For the exception to apply, it must be established that "the same legal controversy will recur." *Clark*, 53 F.4th at 777–78. This has been interpreted to mean that the same precise situation is likely to recur and that there will be a similar enough response to that situation to substantially constitute the same legal controversy alleged in Plaintiffs' Third

---

[2] Plaintiffs also contend that because the Defendants "vigorously defend" The Mandates' legality, the voluntary cessation exception is applicable. (*Id.* at 5) (quoting *W. Virginia v. Env't Prot. Agency*, 597 U.S. 697, 720 (2022)).[2] As Defendants point out, *W. Virginia* is distinguishable because there the government in that case specifically argued the legality of resuming their self-suspended conduct if the case were to be dismissed for mootness. (Rep. Br., ECF No. 56 at 5) (citing *W. Virginia*, 597 U.S. at 720). No such argument is made by Defendants here.

Amended Complaint. *Id.* at 778 (citing *Resurrection Sch. v. Hertel*, 35 F.4th 524, 528 (6th Cir. 2022)). Plaintiffs fail to meet either prong. First, the Court agrees with other Courts in finding that it is unlikely, due to what we currently understand about COVID-19 and current health trends, we will return to the same, precise situation as existed in 2021 when The Mandates were issued. *Id.* ("Regarding the likelihood that the same pandemic conditions we faced in 2020-21 will repeat themselves, it is hard to imagine that we could once again face anything quite like what confronted us then."). In the event of a future pandemic, whether caused by COVID-19 or some other issue, there will undoubtedly be differences between any such future situation from what this country initially faced with COVID-19 (perhaps better or worse).

Plaintiffs again rely on the fact the Biden Administration has publicly stated a need to prepare for future pandemics as a reason for concluding The Mandates will likely be reissued. (Pl. Br., ECF No. 55 at 7–8). Again, this is mere speculation, which the Third Circuit has directly rejected as insufficient. *See, e.g., Clark*, 53 F.4th at 778; *County of Butler*, 8 F.4th at 231; *Johnson*, 2022 WL 767035 at *3. Indeed, to the contrary, the Third Circuit has agreed with other courts finding the situation with respect to COVID-19 and the challenged health orders are unlikely to recur. *See Stepien v. Governor of New Jersey*, No. 21-3290, 2023 WL 2808460 at *3 (3d Cir. Apr. 6, 2023).

As for Plaintiffs' claims that The Mandates are capable of evading review, there too is no merit to such arguments. This Court held a hearing as to Plaintiffs' then pending motion for a TRO in November 2021 and thereafter issued an opinion assessing the merits of Plaintiffs' claims. *See* (ECF No. 19). Those claims remain as the sole claims in the Third Amended Complaint. As Defendants argue, the fact that The Mandates had a lifespan of approximately twenty months during which they were repeatedly challenged in this Court, and many other courts, belies any

9

argument if reissued they are capable of evading review. (Rep. Br., ECF No. 56 at 7–8); *see County of Butler*, 8 F.4th at 231 ("The executive orders [from the Pennsylvania Governor] before us were the subject of a full evidentiary record developed and considered on an expedited basis. Hence, they were not of too short a life to be reviewed."). Thus, even if the Mandates were reissued in the future, Plaintiffs would not be without recourse to challenge them. *See Solid Rock Baptist Church*, 555 F. Supp. 3d at 61 ("[I]f the State enacts new restrictions in response to COVID-19 that Plaintiffs believe are violative of their rights, Plaintiffs are not without recourse. New claims could always be filed, and the Court will hear those claims, if appropriate, in due course.").

In short, Plaintiffs can only avoid a finding of mootness by establishing The Mandates are capable of repetition *and* that they are capable of evading review. They can show neither.

### C. Plaintiffs' Claims of Ongoing Effects of The Mandates Fail

Plaintiffs argue that there are "ongoing effects of the challenged executive orders that can be remedied by this Court." (Pl. Br., ECF No. 55 at 2). Specifically, Plaintiffs allege that they "had to disclose their private medical information and religious views" to the government and their employers when seeking exemptions from The Mandates, alleging "nothing further is known about [the] handling [of that information]." (*Id.*). Plaintiffs also allege The Mandates and President Biden's personal rhetoric about responsible personal actions during COVID-19 have left them feeling "degrad[ed], embarrass[ed], and stimgatiz[ed]."[3] *Id.* at 4. Plaintiffs did not assert any factual allegations as to these supposed "ongoing effects" in the Third Amended Complaint. (Def.

---

[3] Further, if properly pled, whatever effect the Court deciding the constitutionality of the rescinded Mandates would have on Plaintiffs' personal feelings, personal feelings of resentment at past government actions no longer in force are not enough to say those actions "continue[] to affect a present interest." *Eng'g Co. v. McCorkle*, 416 U.S. 115, 125–26 (1974); *see Wyoming v. United States Dep't of Interior*, 587 F.3d 1245, 1250 (10th Cir. 2009) (holding the potential for personal vindication is insufficient to create an ongoing case and controversy).

10

Rep. Br., ECF No. 56 at 3). As such, the Court will not accept these conclusory allegations—not raised in the pleadings—as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("[P]leadings that . . . are no more than conclusions, are not entitled to the assumption of truth."); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1425 (3d Cir. 1997) (explaining courts are not "permitted to go beyond the facts alleged in the Complaint and the documents on which the claims made therein were based.").

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is **GRANTED**. (ECF No. 53). An appropriate Order accompanies this Opinion.

*[Signature]*

**CHRISTINE P. O'HEARN**
**United States District Judge**